UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERIVEND INC., <br><br>                      Plaintiff, <br><br>       v. <br><br> JACOB LEVI CLAVER and <br> DIGITAL ASCENSION GROUP LLC, <br><br>                   Defendants. | 1:23-cv-01289-JLS <br><br> **ANSWER** |

Defendants Jacob Claver ("Claver") and Digital Ascension Group LLC ("Digital Ascension," collectively "Defendants"), by and through their undersigned counsel, respectfully submit their Answer with Affirmative Defenses to Plaintiff Verivend Inc.'s ("Verivend") Complaint and in support thereof avers as follows:

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendants denies each allegation, expressed or implied, contained in Plaintiff's Complaint.

## NATURE OF THE ACTION

1.     Admitted.

2.     Defendants admit that Plaintiff has brought this action asserting the claims alleged in the Complaint. Defendants deny the remaining allegations of Paragraph 2.

3.     Defendant Claver admits that he registered the domain "verivend.support" and controlled the email addresses associated with that domain. Defendant Claver further admits that he sent emails to third-parties with images of purported wire transfers approved by Verivend and blamed Verivend for delayed or failed wire transfers. Defendant Claver further admits that he

fabricated purported Verivend wire transfer confirmations and conversations between himself and Verivend that never occurred. Defendant Digital Ascension admits it had accounts with Verivend. Defendants deny the remaining allegations of Paragraph 3.

4.      Defendants deny that Plaintiff has suffered any damages to which it is entitled to relief. Defendants admit that Plaintiff's Complaint seeks damages and injunctive relief. The remaining allegations of Paragraph 4 are conclusions of law for which proof will be demanded at trial. To the extent that a response to those allegations is required, they are denied by Defendants.

## PARTIES

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 5.

6.      Admitted.

7.      Admitted.

## JURISDICTION AND VENUE

8.      Admitted.

9.      Admitted.

10.      Admitted.

11.      Defendants admit that Defendant Digital Ascension entered into the relevant Agreement containing the referenced Section 12.13 venue provision. Defendants deny the remaining allegations in Paragraph 11.

## FACTS

12.      Admitted.

13.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 13.

2

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 14.

15.     Defendants admit that on or about September 19, 2023, Digital Ascension and Verivend entered into a Software as a Service Agreement (the "Agreement"). Defendants admit that Digital Ascension opened several accounts on the Verivend platform. Defendants deny the remaining allegations of Paragraph 15.

16.     The Agreement referenced in Paragraph 16 is a writing that speaks for itself, and any characterization thereof is denied.

17.     The Agreement referenced in Paragraph 17 is a writing that speaks for itself, and any characterization thereof is denied.

18.     The Agreement referenced in Paragraph 18 is a writing that speaks for itself, and any characterization thereof is denied.

19.     The Agreement referenced in Paragraph 19 is a writing that speaks for itself, and any characterization thereof is denied.

20.     The Agreement referenced in Paragraph 20 is a writing that speaks for itself, and any characterization thereof is denied.

21.     The Agreement referenced in Paragraph 21 is a writing that speaks for itself, and any characterization thereof is denied.

22.     Defendants admit that Digital Ascension executed an Order Form. The Order Form referenced in Paragraph 22 is a writing that speaks for itself, and any characterization thereof is denied.

23.     The Acceptable Use Policy referenced in Paragraph 23 is a writing that speaks for itself, and any characterization thereof is denied.

24.     Verivend's Terms and Conditions referenced in Paragraph 24 is a writing that speaks for itself, and any characterization thereof is denied.

25.     Verivend's Terms and Conditions referenced in Paragraph 25 is a writing that speaks for itself, and any characterization thereof is denied.

26.     Verivend's Terms and Conditions referenced in Paragraph 26 is a writing that speaks for itself, and any characterization thereof is denied.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 29.

30.     Admitted.

31.     Defendants admit that Digital Ascension had an account on the Verivend platform under "JM Equity Ventures LLC – XPECTAR," and that there were not wire transfers to/from that Verivend account. Defendants deny the remaining allegations of Paragraph 31.

32.     Defendant Claver admits that on November 7, 2023 he sent Schepens a picture of a Verivend wallet indicating $1,075,310.00 as "Fully Paid." Defendant Claver admits he manufactured the image. Defendants deny the remaining allegations of the Paragraph 32.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.    Admitted.

38.    Admitted.

39.    Admitted.

40.    Admitted.

41.    Admitted.

42.    Admitted.

43.    Admitted.

44.    Admitted.

45.    Admitted.

46.    Admitted.

47.    Admitted.

48.    Admitted.

49.    Admitted.

50.    Admitted.

51.    Admitted.

52.    Admitted.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 53.

54.    Defendant Claver admits that Verivend held a video conference with him on November 30, 2023 (the "November 30th Conference"). Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations made in Paragraph 54.

55.    Admitted.

56.    Admitted.

57.    Admitted.

58.    Admitted.

59.    Admitted.

60.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 60.

61.    Defendant Claver admits that the November 13 email stated: "Please see below wire confirmation" and included an image that appeared to be a screenshot of a wire confirmation. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations made in Paragraph 61.

62.    Admitted.

63.    Admitted.

64.    Defendant Claver admits that there was no wire transfer for $1,100,000.00 authorized by Verivend to ThroughPut on or about November 11, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations made in Paragraph 64.

65.    Admitted.

66.    Admitted.

**FIRST CLAIM**
**(Breach of Contract)**

67.    Defendants incorporate by reference the preceding responses to Plaintiff's averments as if fully set forth herein.

68.     Defendant Digital Ascension admits that it executed the Order Form. Defendants deny that Claver has entered into any agreements with Plaintiff. The remaining allegations of Paragraph 68 state legal conclusions to which no response is required.

69.     The allegations of Paragraph 69 state legal conclusions to which no response is required.

70.     Denied.

## SECOND CLAIM
### (Indemnification)

71.     Defendants incorporate by reference the preceding responses to Plaintiff's averments as if fully set forth herein.

72.     Defendant Digital Ascension admits that it executed the Order Form. Defendants deny that Claver has entered into any agreements with Plaintiff. The remaining allegations of Paragraph 72 state legal conclusions to which no response is required.

73.     The Agreement referenced in Paragraph 73 is a writing that speaks for itself, and any characterization thereof is denied.

74.     The allegations of Paragraph 74 state legal conclusions to which no response is required.

75.     Denied.

## THIRD CLAIM
### (Trademark Infringement)

76.     Defendants incorporate by reference the preceding responses to Plaintiff's averments as if fully set forth herein.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 77.

78.     The allegations of Paragraph 78 state legal conclusions to which no response is required.

79.     The allegations of Paragraph 79 state legal conclusions to which no response is required.

80.     The allegations of Paragraph 80 state legal conclusions to which no response is required.

81.     The allegations of Paragraph 81 state legal conclusions to which no response is required.

82.     The allegations of Paragraph 82 state legal conclusions to which no response is required.

83.     The allegations of Paragraph 83 state legal conclusions to which no response is required.

84.     The allegations of Paragraph 84 state legal conclusions to which no response is required.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

## FOURTH CLAIM
### (Unfair Competition)

90.     Defendants incorporate by reference the preceding responses to Plaintiff's averments as if fully set forth herein.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 91.

92.     The allegations of Paragraph 92 state legal conclusions to which no response is required.

93.     The allegations of Paragraph 93 state legal conclusions to which no response is required.

94.     The allegations of Paragraph 94 state legal conclusions to which no response is required.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

## FIFTH CLAIM
### (Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

99.     Defendants incorporate by reference the preceding responses to Plaintiff's averments as if fully set forth herein.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 100.

101.    The allegations of Paragraph 101 state legal conclusions to which no response is required.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 102.

103.    Admitted.

104.    Admitted.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 105.

106.    Admitted.

107.    Denied.

108.    Denied.

109.    Denied.

## SIXTH CLAIM
### (Defamation/Trade Libel)

110.    Defendants incorporate by reference the preceding responses to Plaintiff's averments as if fully set forth herein.

111.    Admitted.

112.    Admitted.

113.    Admitted.

114.    Denied.

115.    Denied.

## SEVENTH CLAIM
### (Permanent Injunction)

116.    Defendants incorporate by reference the preceding responses to Plaintiff's averments as if fully set forth herein.

117.    The allegations of Paragraph 117 state legal conclusions to which no response is required.

118.    Denied.

119.    The allegations of Paragraph 119 state legal conclusions to which no response is required.

120.    The allegations of Paragraph 120 state legal conclusions to which no response is required.

121.    The allegations of Paragraph 121 state legal conclusions to which no response is required.

122.    Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

123.    The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (No Damages)

124.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has not alleged compensable damages.

### Third Affirmative Defense
### (Economic Loss Rule)

125.    Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

### Forth Affirmative Defense
### (American Rule)

126.    Plaintiff's demand for "attorneys' fees, costs and disbursements" is barred by the American Rule. *See, e.g., Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 123 (2d Cir. 2013), *citing Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 245 (1975).

WHEREFORE: Defendants respectfully request that the Court:

A.  Enter judgment in favor of Defendants.

B.  Grant Defendants such other and further relief as the Court deems proper.


Dated: April 11, 2024

**CONNORS LLP**

*/s/ Vincent E. Doyle III*
Vincent E. Doyle III, Esq.
1000 Liberty Building
Buffalo, New York 14202
Telephone: (716) 852-5533
Facsimile: (716) 852-5649
Email: ved@connorsllp.com


**BULL BLOCKCHAIN LAW**

James Wines, Esq.
21 S. 11th Street
Floor 2
Philadelphia, Pennsylvania 19107
Telephone: (317) 250-7113
Email: james@bullblockchainlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 11, 2024, he caused the foregoing document to be served by filing it with the Court's electronic filing system upon the following counsel of record:

Jeffrey D. Coren
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400
jcoren@phillipslytle.com

*/s/ Vincent E. Doyle III*
Vincent E. Doyle III